# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL CASE NO. 3:23-cv-00323-MR-WCM

| | | |
|---|---|---|
| TREY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MECKLENBURG COUNTY | ) | |
| DETENTION CENTER, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint
[Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

## I.     BACKGROUND

The pro se Plaintiff filed this civil rights suit pursuant to 42 U.S.C. §
1983 while he was a pretrial detainee at the Mecklenburg County Detention
Center (MCDC).[1] [Doc. 1]. He names as Defendants in their individual and
official capacities: the MCDC; FNU Collins and FNU Talford, who are

_____

[1] The Plaintiff notes that he was a pretrial detainee with a probation violation hold at the
relevant time. [See Doc. 1 at 4]. The Plaintiff was taken into custody on January 16, 2023,
and he was convicted of possession of a firearm by a felon on December 1, 2023, in
Mecklenburg County Superior Court Case No. 23CR212081. See Fed. R. Ev. 201. See
https://mecksheriffweb.mecklenburgcountync.gov/Inmate/Details?pid=0000375408&jid=
23-004292&activeOnly=True&firstName=trey&lastName=davis&maxrows=50&page=1
(last accessed Dec. 5, 2023).

Mecklenburg County Sheriff's Office (MCSO) deputies; and Mecklenburg County Sheriff Garry McFadden.[2] The Plaintiff claims: "14th Amendment protection from excessive use of force of pretrial detainee without due process of law" and "8th Amendment right to life and liberty; and right to be free from cruel and unusual punishment."[3]   [Id. at 3]. He alleges that Defendants Collins and Talford beat him in his cell on April 4, 2023, told other inmates that the Plaintiff is a "snitch," and then orchestrated an assault on the Plaintiff by two inmates in the shower on April 9, 2023.  [Id. at 4-5, 12-15].  The Plaintiff also claims that Defendants Collins and Talford denied him medical attention following the April 4 and 9 incidents.  [Id. at 5, 13].  The Plaintiff claims that the foregoing resulted from deliberate indifference to the Plaintiff's prior grievances, gross negligence, tacit authorization, or "a failure to oversee."  [Id. at 16].  For injury, he claims that his previously-injured nose was re-fractured, that he sustained "further injury" to his left eye, and that he experienced "symptoms of a concussion," none of which received medical attention. [Id. at 5].  He seeks $2.5 million in compensatory and punitive damages.  [Id.].

---

[2] "Gary McFadden" in the Complaint. [Doc. 1 at 1].

[3] The Plaintiff's claims will be liberally construed and restated.

## II.    STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

### A.    Parties

The Plaintiff uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1 at 16 (referring to "Mecklenburg County Detention Center officials and or administration as a whole")]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). These claims are also nullities insofar as they refer to individuals not named as defendants in the caption as required by the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party

the plaintiff must specify him in the caption and arrange for service of process."); <u>Perez v. Humphries</u>, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants, or which refer to non-parties, are therefore dismissed without prejudice.

The Plaintiff has named the MCDC as a Defendant. However, MCDC is not a "person" who is amenable to suit in this § 1983 action. <u>See</u> <u>Wiley v. Buncombe Cnty.</u>, 846 F.Supp.2d 480, 486 (W.D.N.C.), <u>aff'd</u>, 474 F. App'x 285 (4th Cir. 2012) ("Jails cannot be sued"). Therefore, the Plaintiff's claims against the MCDC are dismissed with prejudice. <u>See, e.g.</u>, <u>Speller v. Mecklenburg Cnty. Jail</u>, 2018 WL 3636573 (W.D.N.C. July 31, 2018) (dismissing § 1983 claim asserted against a jail on initial review).

### B.  Excessive Force

Pretrial detainees are protected from the use of excessive force by the Fourteenth Amendment. <u>See</u> <u>generally</u> <u>Graham v. Connor</u>, 490 U.S. 386, 395 n.10 (1989) (the constitution "protects a pretrial detainee from the use of excessive force that amounts to punishment."). To state an excessive force claim, a pretrial detainee must show that the force "purposely or knowingly

used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015).

Here, the Plaintiff alleges that Defendants Collins and Talford beat him in his cell on April 4, 2023. [Doc. 1 at 4-5]. Taking the Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, the Plaintiff's excessive force claims against Defendants Collins and Talford pass initial review in that they are not clearly frivolous.

### C. Deliberate Indifference

Claims under 42 U.S.C. § 1983 based on an alleged failure to protect an inmate from serious harm or based on inadequate or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[4] Farmer v. Brennan, 511 U.S. 825, 829 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference" to the plaintiff's rights. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious

---

[4] Because the Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See Moss v. Harwood, 19 F.4th 614, 624 n.4 (4th Cir. 2021).

injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." <u>Young v. City of Mt. Ranier</u>, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

Here, the Plaintiff alleges that, following the assault on April 4, 2023, Defendants Collins and Talford told other inmates that the Plaintiff is a "snitch" and then orchestrated an assault on the Plaintiff by two inmates in the shower on April 9, 2023. [Doc. 1 at 4-5, 12-15]. The Plaintiff also alleges that Defendants Collins and Talford denied him medical attention following the April 4 and 9 incidents. [<u>Id.</u> at 5, 13]. Taking the Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, the Plaintiff's deliberate indifference claims against Defendants Collins and Talford pass initial review in that they are not clearly frivolous.

### D.    Claims against Sheriff McFadden in Individual Capacity

The Plaintiff also appears to assert these claims against Sheriff McFadden in his individual capacity. However, the Plaintiff has not plausibly alleged that the Sheriff was personally involved in any of the incidents at issue. <u>See</u> <u>generally</u> <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977) (to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendant "acted personally" to cause the alleged violation). The claims

7

against Defendant McFadden in his individual capacity are, therefore, dismissed without prejudice.

### E. Claims against Defendants in Official Capacities

The Plaintiff also asserts claims against Defendants McFadden, Collins, and Talford in their official capacities. Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the

"moving force" behind the constitutional violation) (quoting <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 326 (1981)).

There are three necessary elements for <u>Monell</u> liability.  First, the plaintiff must plausibly allege a constitutional harm that stems from the acts of a municipal employee "taken in furtherance of some municipal 'policy or custom.'" <u>Milligan v. City of Newport News</u>, 743 F.2d 227, 229 (4th Cir. 1984) (quoting <u>Monell</u>, 436 U.S. at 694); <u>see also</u> <u>Spell v. McDaniel</u>, 824 F.2d 1380, 1389 (4th Cir. 1987).  A policy, custom or practice can exist in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train [employees], that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." <u>Lytle v. Doyle</u>, 326 F.3d 463, 471 (4th Cir. 2003) (quoting <u>Carter v. Morris</u>, 164 F.3d 215, 218 (4th Cir. 1999)).  Second, the plaintiff must allege facts showing that the policy's creation is fairly attributable to the municipality. <u>Spell</u>, 824 F.2d at 1389; <u>see also</u> <u>Owens v. Balt. City State's Attorney's Office</u>, 767 F.3d 379, 402 (4th Cir. 2014) ("Only if a municipality subscribes to a custom, policy, or practice can it be said to have committed an independent act, the *sine qua*

9

*non* of <u>Monell</u> liability."). Third, the plaintiff must allege an affirmative causal link between the "policy or custom," and the particular injury suffered by the plaintiff. <u>Spell</u>, 824 F.2d at 1389.

Here, the Plaintiff alludes to deliberate indifference, gross negligence, "a tacit authorization on the part of Sheriff Gary [sic] McFadden" and a "failure to oversee." [Doc. 1 at 16]. The Plaintiff appears to assert that, because he filed grievances requesting placement in isolation due to "mental health as well as safety concerns" between his arrival at the detention center and the incidents at issue, the MCSO and its employees tacitly authorized Defendants Collins and Talford's actions. [See Doc. 1 at 12, 16]. The Plaintiff's vague and conclusory assertions, however, fail to plausibly allege that any constitutional violations resulted from a municipal policy or custom. They appear to instead rely on a respondeat superior theory, which does not support <u>Monell</u> liability. The Plaintiff's official capacity claims are, therefore, dismissed.

## IV.    CONCLUSION

For the reasons stated herein, the Plaintiff's claims for excessive force and deliberate indifference have passed initial review against Defendants Talford and Collins in their individual capacities as described in this Order.

The claims against the Mecklenburg County Detention Center are dismissed with prejudice. The remaining claims are dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint has passed initial review against Defendants Talford and Collins with respect to the Plaintiff's claims for excessive force and deliberate indifference.

2. The claims against the Mecklenburg County Detention Center are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk is respectfully instructed to mail two blank summons forms to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendants Talford and Collins. Once the Court receives the completed summons from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon those Defendants.

**IT IS SO ORDERED.**

Signed: January 11, 2024

Martin Reidinger
Chief United States District Judge