# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:23-cv-00323-MR

TREY DAVIS,               )
                               )
           Plaintiff,      )
                               )
vs.                         )
                               )
MECKLENBURG COUNTY   )
DETENTION CENTER, et al.,  )       <u>ORDER</u>
                               )
           Defendants.    )
_____ )

**THIS MATTER** is before the Court on the *pro se* Plaintiff's filing of two proposed Summonses [Doc. 15].

The *pro se* Plaintiff, who is proceeding *in forma pauperis,* filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mecklenburg County Detention Center (MCDC).[1]  [Doc. 1]. The Complaint passed initial review against Defendants FNU Talford and FNU Collins on claims of deliberate indifference and for the use of excessive force.  [Doc. 10].  On January 12, 2024, the Court mailed the Plaintiff two blank summons forms with instructions to "fill out and return [them] for service of process on Defendants…."  [Id. at 11].  The mail was returned to

_____

[1] The Plaintiff is no longer incarcerated. [See Doc. 12 (Notice of Change of Address)].

the Court as undeliverable on January 22, 2024. [Doc. 11]. On January 23, 2024, the Clerk entered a Notice requiring the Plaintiff to change his address with the Court within 14 days, and cautioned him that the failure to do so would result in this action's dismissal. [Jan. 23, 2024 Text-Only Notice; see also Doc. 3 (Order of Instructions stating that, "[i]f the Plaintiff's address changes and no Notice [of Change of Address] is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution")].

The Plaintiff changed his address with the Court on February 7, 2024. [Doc. 12]. On February 8, 2024, the Plaintiff was mailed another copy of the January 12 Order and two more blank summons forms at his new address. [Feb. 8, 2024 Court-Only Docket Entry]. The Plaintiff again failed to complete and return the summons forms to the Court.

On March 13, 2024, the Plaintiff was ordered to "fill out the summons forms and return them to the Court" within 14 days. [Doc. 14 at 2]. He was cautioned that, "[s]hould he fail to comply, this case will be dismissed and closed without further notice." [Id.]. The Plaintiff has now returned the forms, but they are incomplete in that they omit the Defendants' addresses. [Doc. 15].

The Plaintiff has demonstrated his repeated unwillingness to comply with the Court's Orders. This case will, therefore, be dismissed without

2

prejudice.  <u>See</u> Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that Plaintiff's proposed Summonses [Doc. 15] are **STRICKEN** and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: March 29, 2024

Martin Reidinger
Chief United States District Judge